IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00261-MEO-WCM

| | | |
|---|---|---|
| KRISTEN HENSLEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | ) | MEMORANDUM AND RECOMMENDATION |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I. Procedural Background

In August of 2023, Kristen Hensley ("Plaintiff") filed applications for disability insurance benefits and supplemental security income. Transcript of the Administrative Record ("AR") 228-238. Plaintiff alleges disability beginning March 20, 2023. AR 231; 233.

On February 14, 2025, following an administrative hearing at which Plaintiff testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 14-38. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of obesity, tachycardia, arthritis, non-alcoholic fatty liver, hiatal hernia, diabetes mellitus, anxiety, depression, autism, ADHD, irritable bowel syndrome ("IBS"), and urinary incontinence. AR 19. After determining that Plaintiff's impairments did not meet or medically equal any of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform sedentary work… the claimant can never climb ladders ropes and scaffolds. She can frequently reach, handle, finger, and feel. She can occasionally balance, stoop, kneel, crouch and crawl. She could avoid concentrated exposure to hazards. She should avoid concentrated exposure to fumes, odors, dusts, gasses and poorly ventilated areas. She can understand, remember, and carry out, simple, detailed but not complex instructions. She can have frequent interactions with public, supervisors and coworkers. She can deal with frequent changes in a routine work setting..
>
> AR 23.

Applying this RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled. AR 30-32.

## III. Plaintiff's Allegation of Error

Plaintiff contends that the ALJ failed to account for her urinary incontinence and need to take frequent bathroom breaks when developing Plaintiff's RFC.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505(a); 416.905(a). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

## V. Discussion

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).[1] SSR 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. "Evaluating an RFC requires an ALJ to consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his or her] ability to work." Dowling v. Commissioner of Social Security Administration, 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. §

[1] 20 C.F.R. § 404.1545 sets out the process for evaluating a claimant's physical abilities relative to claims for disability insurance benefits, while 20 C.F.R. § 416.945 sets out an identical process relative to claims for supplemental security income.

416.945(a)(1)) (quoting Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016)) (modification added).

In formulating an RFC, an ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is required, however, to build "an accurate and logical bridge from the evidence to his conclusion" that the plaintiff's RFC sufficiently accounts for his or her limitations. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at * (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion.").

At the same time, it is the claimant's burden to establish that he or she suffers from an impairment which limits his or her functional capacity. 20 C.F.R. 404.1505; 416.905; see Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).

Here, Plaintiff testified that she suffers from stomach pain due to IBS, that it "flares up occasionally," and that, when it flares up, she has "to be sick and stay in the bathroom for a while." AR 52. Plaintiff further noted that her

IBS flares up "at least ten" times in a typical week. AR 53.

In his opinion, the ALJ noted that Plaintiff had a "past history of irritable bowel syndrome, with regular bowel movements" and that in February of 2023, Plaintiff presented to Carolina Spine complaining of coccygeal pain and urinary incontinence for two years. AR 24 (citing AR 411-516 (treatment records from September 24, 2022 to August 21, 2023) and AR 620-750 (treatment records from September 24, 2022 to October 3, 2023)). The ALJ further noted that Plaintiff had to wear sanitary pads and had undergone 7 months of pelvic floor therapy with a transition to a home-based program. Id. (citing AR 620-750). The ALJ concluded that Plaintiff's "irritable bowel syndrome and urinary frequency can be accommodated by normal breaks, not wearing adult diapers, a sedentary exertional level, and occasional posturals." AR 25.[2]

The ALJ's citation to large swaths of the administrative record make it difficult to determine the exact records upon which the ALJ's statements regarding Plaintiff's IBS and incontinence were based. AR 24 (citing AR 411-516, 620-750).

Further, it appears that certain of the treatment records cited by the ALJ indicate that Plaintiff's IBS did not respond to therapy. See e.g., AR 439; AR

---

[2] The undersigned presumes the inclusion of the word "not" in the phrase "not wearing adult diapers" was a scrivener's error.

442; AR 645.

In addition, Plaintiff points to other treatment notes that reflect Plaintiff's condition following her alleged disability onset date and that indicate Plaintiff continued to require frequent bathroom breaks and complained of incontinence. See AR 916-917; AR 888.

On the other hand, Plaintiff also cites to treatment records that indicate her incontinence improved (at least somewhat) with treatment. See AR 1203; AR 1230.

The problem, however, is that the ALJ did not sufficiently discuss any of these records, or explain why Plaintiff's IBS and incontinence could be "accommodated by normal breaks, [ ] wearing adult diapers, a sedentary exertional level, and occasional postural." See Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 389 (4th Cir. 2021) ("Obviously, the need to visit the bathroom many times throughout the day impacts one's ability to work. And yet, the ALJ did not analyze Appellant's need for regular bathroom breaks. Instead, the ALJ simply noted that Appellant 'accommodate[d] her drainage and accidents by using pads.' That finding misses the point. Pads may keep Appellant's clothes clean and help reduce the potential for embarrassing accidents. However, they do not save Appellant any trips to the bathroom, since the pads need to be changed once they are soiled.") (internal citation omitted); Sims v. O'Malley, No. 4:23-CV-001714-TER, 2024 WL 6955725, at *8

(D.S.C. July 25, 2024) ("Any time a claimant is in the restroom is time the claimant is not working; restroom breaks interfere with the sustainability of a workday/workweek."); cf., Mary W. v. O'Malley, No. 1:23CV128, 2024 WL 1256268, at *6 (M.D.N.C. Mar. 25, 2024) ("Unlike in Dowling, the ALJ here did not erroneously find that Plaintiff's use of pads (or other protective measures) obviated her need for bathroom breaks; rather, the ALJ found that the record did not support the Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of her IBS symptoms. (Moreover, as explained in more detail below, the ALJ supported that determination with substantial evidence.") (internal citation omitted).

## VI. Recommendation

The undersigned therefore **RESPECTFULLY RECOMMENDS** that the Commissioner's decision be **VACATED** and this matter be **REMANDED** for further administrative proceedings.

Signed: August 27, 2026

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).